Filed 6/23/22  P. v. Micklon CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RYAN CHASE MICKLON,<br><br>    Defendant and Appellant. | A164452<br><br>(Solano County Super. Ct. No. FCR355891) |

Defendant Ryan Chase Micklon appeals from a judgment imposed following his plea of guilty to a four-count complaint alleging  felony theft of a vehicle (Veh. Code, § 10851, subd. (a)), misdemeanor fleeing police (Veh. Code, § 2800.1, subd. (a)), felony receipt of stolen property (Pen. Code, § 496d, subd. (a)), and misdemeanor resisting arrest (Pen. Code, § 148, subd. (a)(1)). He also pleaded guilty to two enhancements, a prior conviction for vehicle theft (Veh. Code, § 10851, subd. (a)), and a prior conviction for a serious or violent felony (Pen. Code, § 667, subds. (b)–(j)).  Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 indicating that she has found no arguable issues and requesting that this court review the record independently.  Counsel also informed Micklon of his right to file a supplemental brief, but Micklon did not file one.  Additionally, Micklon failed to obtain a certificate of probable cause.  We have independently reviewed the

1

record and have found no meritorious issues warranting further briefing.  We therefore affirm.

## I. BACKGROUND

Micklon's probation report provides the following factual background, which we need only briefly summarize.  While police were on patrol, they noticed a vehicle slowly drive past them.  Police followed the vehicle to perform a "records check" because it was the only vehicle driving through an evacuated area and because police had been receiving calls of looting in the area.  When police conducted a traffic stop, the vehicle slowly drove to the side of the road and then proceeded into the abutting vegetation; the driver then exited the vehicle and fled on foot.

Police lost sight of the suspect during the foot pursuit, but later noticed headlights turn on from another truck, and assisting officers noticed another truck drive in the opposite direction.  When that other truck, a Ford F150, failed to pull over after police activated their lights, the driver "hid[] his face" as police drove by.  This caused police to turn around and follow that vehicle.  The F150 accelerated "up to 89" miles per hour until it "crashed into an open field and flipped upside down."  The driver, later identified as Micklon, was found "hiding in the field."  He was arrested without incident.

Police subsequently determined that it was Micklon who had taken the first vehicle and fled on foot.  Micklon admitted that he was under the influence of alcohol and methamphetamine that day and accepted full responsibility for his actions.

On December 29, 2020, the People filed a complaint alleging the four violations and enhancements listed above.  On February 5, 2021, Micklon pleaded no contest to the complaint on the condition that the court would strike his prior strike conviction and grant him probation.  However, the

court advised Micklon that if he failed to appear on the date for sentencing without a legal excuse, the plea would become an open plea. Micklon was further advised he could be sentenced to the maximum term of six years should this occur. Micklon was also advised this would preclude him from withdrawing this plea.

On or about May 21, 2021, Micklon was released from jail on bail on a waiver under *People v. Cruz* (1988) 44 Cal.3d 1247. Because he tested positive for COVID-19, he did not appear as scheduled on August 30, 2021. The court ordered him to provide written proof of the positive test by the next court date on September 20, 2021. Micklon failed to provide such written proof and he also failed to appear. The court issued a bench warrant and forfeited his bail.

On December 8, 2021, Micklon admitted he violated the *Cruz* waiver when he failed to appear at the time of sentencing.

On December 21, 2021, Micklon filed a motion to strike his prior conviction under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

On January 10, 2022, the trial court denied Micklon's *Romero* motion and sentenced him to a total of four years in state prison as follows: as to count 1, the low term of two years, doubled under Penal Code sections 667, subdivisions (b)–(i) and 1170.12; as to count 2, the low term of two years (which the court stayed under Penal Code section 654); and as to counts 3 and 4, each a 180 days' term in county jail to run concurrently to counts 1 and 2. He received a total of 424 days credit: 212 actual days and 212 conduct days under Penal Code section 4019.

Micklon timely appealed.

3

## II. DISCUSSION

When a defendant files a notice of appeal following entry of a plea, our jurisdiction is limited. We may only consider the propriety of the defendant's sentence or other matters occurring after the plea that do not affect its validity. A challenge based on the validity of the plea or admission requires that the trial court grant a request for a certificate of probable cause. (Cal. Rules of Court, rule 8.304; *People v. Mendez* (1999) 19 Cal.4th 1084, 1108.) There was no request for a certificate of probable cause in this case.

Micklon's sentence, as imposed, was consistent with the terms of the indicated sentence that led him to plead to all counts. Nothing about the sentence, as imposed, was improper. The presentence custody credits were properly calculated. And the abstract of judgment accurately reflects the sentence imposed.

## III. DISPOSITION

We find no issues based on the sentence or other matters occurring after the plea that raise arguable issues. Accordingly, we affirm.

STREETER, J.

WE CONCUR:

POLLAK, P. J.
NADLER, J.*

---

* Judge of the Superior Court of California, County of Sonoma, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4